No. 12.—John M. Gregory, plaintiff in error, *vs.* Thomas G. Waters, defendant in error.

[1.] In answer to a rule against a Sheriff, for not having levied a *fi. fa.* upon the property of M, one of the parties defendant to said *fi. fa.* pursuant to instructions from the Counsel for the plaintiff, that officer returned that he had failed to execute the *fi. fa.* upon the assurance of R J, agent for the original plaintiff in execution; that the same had been settled by M, but by mistake, this had not been entered, and that R J had taken the *fi. fa.* and made an entry to this effect upon the execution: *Held,* that inasmuch as the record showed that the *fi. fa.* had been assigned to another person than the original plaintiff, for whom R J was agent, it was the duty of the Sheriff to know that R J had no authority to control the execution; that R J's instructions were no protection to him, and that he was liable upon the rule.

Motion, in Floyd Superior Court.   Decision by Judge Trippe, June Term, 1855.

John M. Gregory, as the assignee of a *fi. fa.* in favor of Robert H. Johnson *vs.* Samuel J. Stevens, principal, and Daniel R. Mitchell indorser, placed the same in the hands of Thomas G. Waters, Sheriff of Floyd County.   To a rule to show cause why he should not pay over the money thereon, the Sheriff returned, among other things, that "Mitchell told him that the *fi. fa.* was settled so far as he was concerned; that he went with Mitchell to Johnson, the plaintiff in *fi. fa.* who confirmed this statement, and said that it was to be transferred without recourse on Mitchell, and was so understood at the time, and that he had neglected to insert it in the transfer."

The Court below held this return to be sufficient, and this decision is assigned as error.

Printup, for plaintiff in error.

T. W. Alexander, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] This Sheriff's return is deficient, because it shows that
he failed to execute the *fi. fa.* upon the assurance of William
Johnson, (who had been agent for Robert H. Johnson, the
plaintiff in *fi. fa.* in controlling the execution;) that it had
been settled, as to Daniel B. Mitchell, and upon the entry
having been made to this effect by Mr. Johnson on the execution.
This was done after the *fi. fa.* had been assigned, and after
the Attorney for the assignee had given the Sheriff notice to
make the money out of Mr. Mitchell.

Such a return is not sufficient to relieve the Sheriff from
liability.   He had the *fi. fa.* in his hands, with the assignment
on it.   He had the opportunity of knowing that another than
Mr. Johnson controlled it, and he had no right to act upon
the information of Mr. Johnson, nor to permit the latter to
make any entry upon the *fi. fa.*

He took the responsibility of acting on the information
which he received from Mr. Johnson, and he must stand to
the consequences.

It is said that if the return be not true, it might be trav-
ersed.   There is nothing, however, to traverse, except the
Sheriff's statement of what William Johnson said.   And this
is not sufficient to exonerate him from liability.

It may be true, that it was understood, at the time of the
assignment between the parties, that Mr. Mitchell was to be
released, and that a settlement had been made with him; and
the Sheriff, in his return, states that Mr. Johnson said it was
true, and that it was by his neglect that it was not so entered.
But if this was the case, it should have been distinctly set
forth, and the Sheriff should have rested his defence upon it.
As it is, he represents himself as acting entirely upon the
*ipse dixit* of Mr. Johnson, which was no authority to him.

The return may be amended, when the case goes back, if

the above fact be true, and the Sheriff can make his defence accordingly.

Judgment reversed.